STATE of Missouri, Respondent,

v.

**David SMITH, Appellant.**

**No. 45183.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 8, 1983.

Motion for Rehearing/Transfer to Supreme Court Denied April 15, 1983.

Mark J. Pelts, Jones, Pelts & Stokley, Kennett, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Stephen R. Sharp, Pros. Atty., Dunklin County, Kennett, for respondent.

CLEMENS, Senior Judge.

A jury found defendant David Smith guilty of second degree burglary. The trial court sentenced him as a previous felon to ten years in prison. Here, defendant makes three challenges: Sufficiency of the evidence, admitting hearsay testimony and applying the persistent offender statute. We affirm.

Appointed counsel, Hon. Mark J. Pelts of Kennett ably served defendant both at trial and on appeal.

■ The state's evidence: A store clerk gave defendant permission to use the restroom. Instead defendant went into the adjoining office and was heard rattling coins. When the owner's wife returned to her office she saw defendant and the opened safe. When she challenged him he dashed out, pursued by the store owner and police. They found him hiding and out of breath. He carried several hundred dollars, including eighty-two dollars later found to be missing from the safe.

Defendant did not testify.

We deny defendant's claim of insufficient evidence. The evidence related above sufficed to prove burglary. Compare *State v. Emmons,* 595 S.W.2d 792[1–3] (Mo.App. 1980).

■ Defendant further contends the court erred in allowing the store owner's wife to state the amount of missing money. This he argues was because that violated the hearsay and best evidence rules. Defendant's argument is faulty. This because there was no evidence the amount of money stolen was a matter of store records. The owner's wife merely testified the shortage was $82 and she was not cross-examined as to that amount.

The best evidence rule comes into play only when "the terms of a writing are in dispute". *Moschale v. Mock,* 591 S.W.2d 415[8–9] (Mo.App.1979). Here there was neither reference to nor testimony of the existence of written records about the amount of money. And, the hearsay rule does not apply to the amount of money stolen since the challenged testimony came from the owner and his wife, based on their own knowledge. *Sabbath v. Marcella Cab Co.,* 536 S.W.2d 939[4–6] (Mo.App.1976). Neither rule applied here.

■ By defendant's other point he contends his several previous guilty pleas did not subject him to the persistent offender statute, Section 558.016(2), RSMo.1978. That statute applies to felons twice "previously convicted", and defendant now argues he was not "convicted" by pleading guilty. Wrong. *State v. Rose,* 325 S.W.2d 485[8] (Mo.1959) held: "The word 'convicted' as used in the statute means a final determination of a person's guilt of an offense by a trial or a plea of guilty."

We conclude the evidence was sufficient, oral testimony of the amount stolen was admissible and the persistent offender act applied to previous guilty pleas.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.