STATE of Missouri, Respondent,

v.

Paul O. NORFOLK, Appellant.

No. 52918.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 29, 1987.

Motion for Rehearing and/or Transfer
Denied Feb. 11, 1988.

Application to Transfer Denied
March 15, 1988.

William J. Shaw, Public Defender, Stormy B. White, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant Paul O. Norfolk appeals from a jury conviction for second degree burglary, RSMo § 569.170 (1986), for which he was sentenced as a persistent offender to fifteen years imprisonment. On appeal, defendant argues that the evidence was insufficient to support a guilty verdict. Finding defendant's contention to be without merit, we affirm.

The evidence reveals that on October 15, 1985, at approximately 4:00 p.m., defendant was found with merchandise in his hands in a stock room closed to the public inside a Famous–Barr department store. The incident occurred when a Famous–Barr security officer, who was patrolling the women's apparel department, entered the stock room located in the back of the department. There the security officer saw defendant standing along the back wall while holding merchandise in his hands. When defendant noticed the security officer, he dropped the merchandise to the floor. The security officer asked defendant if he was an employee of Famous–Barr, to which defendant replied in the affirmative. However, upon a request to produce identification, defendant admitted to not being employed by Famous–Barr and proceeded to assert that he was looking for a restroom. Both the Famous–Barr security officer and the police officer who took defendant into custody testified that they observed a sign on the door to the stock room on which was written "Authorized Personnel Only." Additionally, the security officer testified that there was a sign posted inside the stock room stating "Authorized Personnel Only."

Defendant alleges on appeal that there was insufficient evidence to support a guilty verdict. Specifically, defendant's contention seems to be that the evidence did not suffice to show that he knew that it was unlawful to enter the stock room. Initially, we observe that this court must accept as true all evidence tending to prove defendant guilty and all reasonable inferences supportive of the verdict, and disregard all evidence and inferences to the contrary. *State v. Brooks*, 618 S.W.2d 22, 23 (Mo. banc 1981). It is not this court's role to weigh the evidence; our inquiry is limited to a determination of whether there is sufficient evidence from which reasonable men could find defendant guilty. *Id.*

One commits the crime of second degree burglary when he knowingly enters unlawfully or knowingly remains unlawfully in a building for the purpose of committing a crime therein. RSMo § 569.170 (1986). The statute does not require a breaking or even the opening of a door; the offense occurs by an unlawful entry. *State v. McAlester*, 635 S.W.2d 76, 77 (Mo.

App., W.D.1982). A person enters unlawfully or remains unlawfully in a building when he is not licensed or privileged to do so. RSMo § 569.010(8) (1986). Further, a license or privilege to enter or remain in a building which is only *partly* open to the public is not a license or privilege to enter or remain in that part of the building which is not open to the public. *Id.*

■ The fact that much of the Famous–Barr building is open to the public does not preclude a finding that defendant unlawfully entered the stock room, as it is possible for only a portion of a building to be open to the public. *State v. McGinnis*, 622 S.W.2d 416, 419 (Mo.App., S.D.1981); RSMo § 569.010(8) (1986). *See also Van Moore v. State*, 667 S.W.2d 470, 471–72 (Mo.App., S.D.1984). In *State v. Smith*, 650 S.W.2d 640 (Mo.App., E.D.1983), the court determined the evidence was sufficient to uphold a conviction for second degree burglary, where the defendant, after receiving permission to use a store's restroom, then went into an adjoining office, dashed out when challenged by the store's owner, and was found in the possession of money which was missing from the store's safe. *Id.* at 641.

■ In the present case, the evidence is sufficient to uphold defendant's conviction for second degree burglary. The stock room was an area not open to the public. There was testimony as to the existence of an "Authorized Personnel Only" sign both on the door to the stock room and inside the restricted area. The credibility of witnesses and the weight to be accorded their testimony is a matter for the jury. *State v. Emmons*, 595 S.W.2d 792, 795 (Mo.App., W.D.1980). Defendant was found in the stock room with merchandise in his hands. And, when first discovered with the goods, defendant falsely claimed to be an employee of Famous–Barr.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.