**Michael KOENIG, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 57446.**

Missouri Court of Appeals,
Western District.

May 23, 2000.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before: Presiding Judge LOWENSTEIN, Judge ULRICH and Judge HOLLIGER.

HAROLD L. LOWENSTEIN, Presiding Judge.

Appellant, Michael Koenig, was convicted of three counts of felony stealing following a jury trial in the Circuit Court of Platte County. The convictions were based on a series of thefts from parked cars at Kansas City International Airport and surrounding hotel parking lots. Appellant's convictions were affirmed by this court on appeal. Appellant filed this motion for postconviction relief pursuant to Rule 29.15. After an evidentiary hearing, Appellant's motion was denied. This appeal followed.

Appellant's points on appeal are that the motion court clearly erred in denying his motion for postconviction relief because trial counsel was ineffective for (1) failing to call a certain defense witness, (2) failing to voir dire a certain state witness, and (3) failing to impeach a certain state witness.

Appellant cites to no authority in support of these points outside of authority for the applicable standard of review. "It is an appellant's obligation to cite appropriate and available precedent if [ ]he ex-

pects to prevail." *In re Marriage of Spears*, 995 S.W.2d 500, 503 (Mo.App.1999) (citing *Thummel v. King*, 570 S.W.2d 679, 687 (Mo. banc 1978)). "Where, as here, the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned and dismiss the appeal." *Id.* (citing *Shiyr v. Pinckney*, 896 S.W.2d 69, 71 (Mo.App. 1995)). Accordingly, this court may deem Appellant's points abandoned.

Regardless, this court has reviewed Appellant's points *ex gratia* and finds that they have no merit. He did not show by a preponderance of the evidence either that counsel's performance was deficient or that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Due to Appellant's failure to cite to any relevant authority in support of his claim for postconviction relief, his appeal points are denied and this appeal is dismissed.

All concur.