

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent, | ) |
| | )    **WD78623** |
| v. | ) |
| | )    **OPINION FILED:** |
| | )    **March 29, 2016** |
| AKIL R. SAYLES, | ) |
| | ) |
| Appellant. | ) |

**Appeal from the Circuit Court of Saline County, Missouri**
**The Honorable Dennis A. Rolf, Judge**

**Before Division II:** Cynthia L. Martin, Presiding Judge, and
Mark D. Pfeiffer and Karen King Mitchell, Judges

Mr. Akil R. Sayles ("Sayles") appeals the Judgment of the Circuit Court of Saline County, Missouri ("trial court"), finding him guilty, following a bench trial, of an enhanced class D felony of driving while revoked ("DWR"), § 302.321.[1] We affirm.

---

[1] "The version of the statute effective on the date of the . . . offense is the applicable statute." *State v. Wheeler*, 439 S.W.3d 241, 242 n.1 (Mo. App. W.D. 2014) (internal quotation omitted). Here, the offense occurred on September 26, 2013; therefore, all statutory references are to the Revised Statutes of Missouri 2000, as updated through the 2012 Cumulative Supplement.

**Factual and Procedural Background**[2]

On September 26, 2013, Sayles was pulled over in Saline County, Missouri, for a traffic violation. At this time, the trooper discovered that Sayles's driving privileges had been revoked due to previous driving while intoxicated ("DWI") convictions.

Sayles was eventually charged with the enhanced class D felony of DWR and his case was bench-tried. The State presented evidence that Sayles was previously convicted of DWR and DWI on March 27, 2007; DWI on June 10, 2012; DWI on November 4, 2012; and he pleaded guilty to felony robbery on July 15, 1992.

The trial court found Sayles guilty of the enhanced class D felony of DWR and sentenced Sayles to five years' imprisonment.

Sayles appeals.

**Standard of Review**

To determine whether the evidence presented to the trial court was sufficient to support a conviction and to withstand a motion for judgment of acquittal, we do not weigh the evidence. *State v. Holmes*, 399 S.W.3d 809, 812 (Mo. banc 2013). Rather, we accept as true all evidence tending to prove guilt together with all reasonable inferences that support the trial court's judgment, and we ignore all contrary evidence and inferences. *Id.* We ask only whether there was sufficient evidence from which the trier of fact reasonably could have found the defendant guilty. *Id.*

---

[2] We view the facts in the light most favorable to the judgment. *State v. Holmes*, 399 S.W.3d 809, 811 (Mo. banc 2013).

**Analysis**

Sayles does not contest the sufficiency of the evidence to support his DWR conviction; rather, he contests the sufficiency of the evidence to support *enhancing* his DWR offense to a class D felony instead of a class A misdemeanor.

In his sole point on appeal, Sayles argues that the trial court erred in overruling his motion for judgment of acquittal at the close of the evidence because, irrespective of how many prior DWI convictions or other offenses he had previously been convicted of, since "he was not convicted of driving while intoxicated *at the same time* that he was convicted of his present DWR offense," the class D felony enhancement provision under section 302.321 was not applicable to him.

We first note that in the two pages of appellate briefing in the Argument section of Sayles's brief, "Appellant cites to no authority in support of [this point] outside of authority for the applicable standard of review." *Koenig v. State*, 17 S.W.3d 911, 911 (Mo. App. W.D. 2000). "It is an appellant's obligation to cite appropriate and available precedent if []he expects to prevail." *Id.* at 911-12 (internal quotation omitted). "Where, as here, the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the point[] abandoned and dismiss the appeal." *Id.* at 912 (internal quotation omitted). Thus, though there is relevant precedent existing on the issue presented in this appeal and Sayles has ignored this and any other precedent on the topic whatsoever, it is within our discretion to dismiss this appeal. That said, we have exercised our discretion to review Sayles's point on appeal *ex gratia*, and we conclude that it has no merit.

Section 302.321.1 makes it a crime to drive while one's license is revoked:

A person commits the crime of driving while revoked if such person operates a motor vehicle on a highway when such person's license or driving privilege has

been cancelled, suspended, or revoked under the laws of this state or any other state and acts with criminal negligence with respect to knowledge of the fact that such person's driving privilege has been cancelled, suspended, or revoked.

"Any person convicted of driving while revoked is guilty of a misdemeanor." § 302.321.2. Certain DWR offenders, however, are subject to an enhanced classification as a class D felony in three scenarios: (1) A person with no prior alcohol-related enforcement contacts who is convicted of a fourth or subsequent time of DWR; (2) A person with one prior alcohol-related contact who is convicted of a third or subsequent time of DWR; or (3) DWR is classified a class D felony "on the second or subsequent conviction pursuant to section 577.010[3] or a fourth or subsequent conviction for any other offense." § 302.321.2.

Thus, the first two enhancement provisions relate, in part, to the number of prior DWR convictions, whereas the third enhancement provision only requires the presently charged DWR offense combined with two or more prior DWIs or four or more prior convictions for any other offense. All of the enhancement provisions, however, are based upon prior convictions. "The statute clearly states that driving while revoked charges are misdemeanors, except when a defendant's *prior convictions* fall into one of the enhancement exceptions in the remainder of the statute." *State v. Stewart*, 113 S.W.3d 245, 249 (Mo. App. E.D. 2003) (emphasis added).

Sayles argues that the pertinent, or third, enhancement provision in section 302.321.2 only applies when a defendant receives a DWI conviction *concurrently* with a DWR conviction. He contends that because he was only charged with DWR and not with DWI, he did not have a *concurrent* DWI conviction as he argues is required under the statute. Sayles cites no case law to support his interpretation and ignores the *Stewart* precedent.

---

[3] Under section 577.010, "[a] person commits the crime of 'driving while intoxicated' if he operates a motor vehicle while in an intoxicated or drugged condition." § 577.010.1. Further, chapter 577 has its own "persistent offender" status for "two or more intoxication-related offenses." § 577.023.1(5)(a). And "[a]ny person who pleads guilty to or is found guilty of a violation of section 577.010 . . . who is alleged and proved to be a persistent offender shall be guilty of a class D felony." § 577.023.3.

4

Sayles's argument attempts to create ambiguity where none exists. "[S]ection 302.321.2 when read in its entirety, giving effect to all the language, is unambiguous." *Stewart*, 113 S.W.3d at 249 (concluding that "prior convictions" are the qualifying events for enhancement under section 302.321.2). "Where the language of a statute is clear, courts must give effect to the language as written." *Dorsey v. State*, 115 S.W.3d 842, 844 (Mo. banc 2003) (internal quotation omitted). And, as written, there is no requirement in section 302.321.2 that the "prior convictions" be "concurrent" to the present DWR charge.

Interpreting the enhancement provisions of section 302.321.2 in precisely this fashion, the court in *State v. Russell* concluded that "[b]ecause Appellant had *two prior DWI convictions*," his DWR offense was "enhanced . . . pursuant to section[ ] . . . 302.321." *State v. Russell*, 336 S.W.3d 504, 505 (Mo. App. S.D. 2011) (emphasis added).

Here, the State produced evidence that Sayles's driving privilege had been revoked effective February 12, 2013, and was not eligible for reinstatement until January 13, 2014; consequently, his license was revoked at the time of the trooper's traffic stop on September 26, 2013. The State also produced:

- a judgment reflecting that Sayles entered a guilty plea to the class A felony of robbery in the first degree and was sentenced to seven years' imprisonment;

- judgments for Sayles's convictions for the March 27, 2007 class D felony DWI and class A misdemeanor DWR offenses, for which he was sentenced to four years' imprisonment for the DWI and ten days in the county jail for the DWR, to be served concurrently;

5

- a judgment for Sayles's conviction for the June 10, 2012 class C felony DWI, for which he was sentenced to five years' imprisonment, with execution of the sentence suspended and placed on five years' supervised probation;

- a judgment for Sayles's conviction for the November 4, 2012 class C felony DWI, for which he was sentenced to five years' imprisonment, with execution of the sentence suspended and placed on five years' supervised probation.

Thus, the evidence before the trial court was that Sayles had one prior robbery conviction, three prior DWI convictions, and one prior DWR conviction. At minimum then, "the trial court did not . . . err in finding Appellant's DWR offense was enhanced by [his] prior DWI offenses to a class D felony DWR under section 302.321." *Russell*, 336 S.W.3d at 507. Accordingly, the trial court did not err in overruling Sayles's motion for acquittal at the close of the evidence.

Sayles's point on appeal is denied.

### Conclusion

The trial court's judgment is affirmed.

_____
Mark D. Pfeiffer, Judge

Cynthia L. Martin, Presiding Judge, and
Karen King Mitchell, Judge, concur.