Cynthia L. Martin, Judge
Sidney McNeal Gates ("Gates") appeals from the motion court's judgment that granted his post-conviction request for relief *92 from a conviction and sentence for felony stealing. Though Gates prevailed on his post-conviction motion, he appeals because the motion court vacated his guilty plea and restored his case on the trial docket, instead of vacating his felony conviction and entering a conviction for misdemeanor stealing with an appropriate sentence. We dismiss Gates's appeal as moot.
Factual and Procedural Background
On July 15, 2016, Gates pleaded guilty to the class C felony of stealing under section 570.030.[1] Gates admitted that he acted together with another person to steal a gun from a gun store. In exchange for his guilty plea, the State agreed to recommend a four-year sentence that would run concurrently with the other sentences he was serving. The trial court accepted Gates's guilty plea and sentenced him pursuant to the State's recommendation.
Gates timely filed a pro se Rule 24.035 motion on September 22, 2016. The motion court referred the case to the Public Defender, and on January 23, 2017, Gates timely filed an amended motion ("Amended Motion"). The Amended Motion asserted that Gates was denied due process of law because he was unlawfully convicted and sentenced for the class C felony of stealing, when he should have been convicted and sentenced for the class A misdemeanor of stealing in light of the Missouri Supreme Court's decision in State v. Bazell , 497 S.W.3d 263 (Mo. banc 2016). The Amended Motion asked the motion court to vacate the unlawful felony conviction and sentence, and to enter an amended judgment to reflect Gates's conviction of the class A misdemeanor of stealing with a one-year sentence in the county detention center.
On March 23, 2017, the motion court issued its findings of fact, conclusions of law, and judgment ("Judgment"). The Judgment found that Gates was entitled to relief pursuant to the authority of Bazell .[2] However, instead of affording Gates the remedy requested in the Amended Motion, the motion court vacated Gates's guilty plea and placed his criminal matter back on the docket. The motion court reasoned that Rule 24.035(j) authorizes such remedy as is appropriate, and that it was more appropriate to return the parties and the case to their positions before Gates's guilty plea, permitting the State to determine how it wanted to charge Gates.
Gates timely appealed the motion court's Judgment. After Gates's appeal was filed, the trial court before whom Gates's criminal matter was once again pending[3] granted the State leave to file a substitute information charging Gates with the class C felony of receiving stolen property in violation of section 570.080.[4] Gates pleaded *93 guilty to the amended charge and received a four-year sentence, with credit for time served. The trial court recommended Gates "for 559 Shock Program, if eligible and qualified." On October 4, 2017, the trial court found that Gates "has completed the 120 day program pursuant to 559.115 RSMo," and ordered supervision of Gates by the Missouri Board of Probation and Parole for a term of five years.
Analysis
Gates's single point on appeal asserts that the motion court clearly erred in vacating Gates's guilty plea because that remedy was neither requested by him nor appropriate. Gates claims that, pursuant to State v. Bazell , the appropriate remedy when a trial court sentences a defendant in excess of the maximum sentence authorized by law is to resentence the defendant within the range of punishment for the proper degree of the offense. Thus, Gates asserts that instead of vacating his voluntary guilty plea, the motion court should have vacated the judgment of conviction and sentence for the class C felony of stealing and entered a new judgment of conviction and sentence for the class A misdemeanor of stealing.
Before we consider the merits of Gates's appeal, we must determine, as a threshold question, whether the controversy is moot. In re Estate of Pethan , 475 S.W.3d 722, 726 (Mo. App. W.D. 2015). Mootness implicates the justiciability of the case, so we may dismiss a case for mootness sua sponte.[5] State ex rel. Reed v. Reardon , 41 S.W.3d 470, 473 (Mo. banc 2001). To exercise appellate jurisdiction, the case must present "an actual and vital controversy susceptible of some relief." Id. "[A] cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." Id. If " 'an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed.' " Estate of Pethan , 475 S.W.3d at 726 (quoting Dotson v. Kander , 435 S.W.3d 643, 644 (Mo. banc 2014) ). "This is true even if the case was not moot at its inception." Matter of Mo-Am. Water Co. , 516 S.W.3d 823, 828 (Mo. banc 2017). A case "may be mooted by an intervenient event which so alters the position of the parties that any judgment rendered merely becomes a hypothetical opinion." State ex rel. Reed , 41 S.W.3d at 473. In determining whether the controversy is moot, we may consider facts outside the record. In re J.T.S. , 462 S.W.3d 475, 478 (Mo. App. W.D. 2015).
Gates's appeal asks us to reverse the motion court's Judgment and to remand this matter to the motion court with instructions to enter a judgment of conviction and sentence for the class A misdemeanor of stealing. However, Gates's decision to plead guilty to the amended charge of receiving stolen property renders it impossible to grant this relief. The factual circumstances giving rise to Gates's guilty plea to the amended charge of receiving stolen property are the same as those giving rise to the felony conviction for stealing Gates now wants reduced to a misdemeanor. Any opinion we might issue regarding the motion court's authority to vacate Gates's guilty plea when that *94 remedy was not sought by the Amended Motion would have no practical effect, as Gates has voluntarily agreed to an alternative resolution of his criminal matter.
Gates argues that this matter is not moot because once he filed a notice of appeal from the Judgment disposing of his Amended Motion, "the circuit court lacked the authority to allow the state to file an amended motion in the underlying criminal case or ... to take any further action until the resolution of this appeal." Gates is correct that, generally, once a notice of appeal is filed, the trial court's jurisdiction over that case ceases, as jurisdiction is relinquished to the appellate court. Sanford v. CenturyTel of Mo., LLC , 490 S.W.3d 717, 721 (Mo. banc 2016). Gates's notice of appeal thus divested the motion court of the authority to take any further action in Boone County Cause No. 16BA-CV03343, the civil proceedings involving the Amended Motion. Gates's notice of appeal did not, however, divest the trial court of the authority to act in Boone County Cause No. 15BA-CR04395-01, the criminal matter reopened by operation of the motion court's Judgment.[6] If Gates objected to the trial court's assertion of jurisdiction in the reopened criminal proceeding, he should have sought a stay of those proceedings pending this appeal or relief by writ. Gates did neither.
Instead, Gates effectively acquiesced in the trial court's exercise of authority over his reopened criminal case by voluntarily pleading guilty to the amended charge of receiving stolen property, thus waiving any objection to the State's filing of a substitute information amending his criminal charge. The criminal judgment of conviction and sentence entered after Gates's guilty plea in Boone County Cause No. 15BA-CR04395-01 is not before this court, is final and non-appealable, and cannot be altered or modified by any opinion we issue in this appeal. Gates's appeal from the motion court's Judgment is thus moot. Regardless whether the motion court exceeded its authority when it vacated Gates's guilty plea in the post-conviction proceedings, we have no ability to collaterally attack the conviction and sentence subsequently entered in Gates's criminal matter following his voluntary guilty plea. The relief Gates seeks in this appeal (presuming, arguendo , his right to same), cannot be afforded.
We recognize that we are permitted to exercise our discretion to address the merits of a moot appeal in two narrow situations: "(1) where the case becomes moot after it has been argued and submitted, and (2) where 'the case presents an unsettled legal issue of public interest and importance of a recurring nature that will escape review unless the court exercises its discretionary jurisdiction.' " Sauer v. Nixon , 474 S.W.3d 624, 628 (Mo. App. W.D. 2015) (citation omitted) (quoting State ex rel. Chastain v. City of Kansas City , 968 S.W.2d 232, 237 (Mo. App. W.D. 1998) ). The first situation is plainly not applicable here.
The second exception is also not applicable because the circumstances presented by Gates's appeal are not likely to recur. "To qualify for the 'public interest' exception, the case must 'present[ ] an issue *95 that (1) is of the general public interest; (2) will recur; and (3) will evade appellate review in future live controversies.' " Hickerson v. Mo. Bd. of Probation & Parole , 475 S.W.3d 204, 208 (Mo. App. W.D. 2015) (quoting Asher v. Carnahan , 268 S.W.3d 427, 431 (Mo. App. W.D. 2008) ). We may not consider the merits of an appeal unless it meets all three requirements. Bernhardt v. McCarthy , 467 S.W.3d 348, 351 (Mo. App. W.D. 2015).
The issue presented by Gates's appeal concerns the remedy a motion court can afford a Rule 24.035 movant who pleaded guilty to and received a sentence for felony stealing when the movant should only have been convicted of and sentenced for misdemeanor stealing. This issue presumes that Bazell can be retroactively applied in post-conviction proceedings. However, the Missouri Supreme Court recently held that "the Bazell holding only applies forward, except those cases pending on direct appeal." State ex rel. Windeknecht v. Mesmer , 530 S.W.3d 500, 503 (Mo. banc 2017) ; see also State ex rel. Fite v. Johnson , 530 S.W.3d 508, 510-11 (Mo. App. W.D. 2017) (concluding that a Rule 29.07(d) motion's claim that the trial court must withdraw the movant's guilty plea to felony stealing was "substantively meritless" because Bazell 's holding only applies prospectively). Bazell thus affords no basis for a movant to secure post-conviction relief.[7] As a result, the issue presented by Gates's appeal is unlikely to recur. We refuse to exercise our discretion to entertain Gates's moot appeal pursuant to the public interest exception.
Conclusion
We dismiss Gates's appeal as moot.
All concur

Unless otherwise noted, all statutory references are to the version in effect the date the crime was committed, December 16, 2015.

The Judgment was entered before the Missouri Supreme Court issued its decision in State ex rel. Windeknecht v. Mesmer , 530 S.W.3d 500 (Mo. banc 2017), which held that the Bazell decision should not be retroactively applied to cases beyond those pending on direct appeal.

The same judge presided over the trial court proceedings and the motion court proceedings.

This Court commends Gates's appellate counsel for candidly disclosing in Gates's Brief that Gates was recharged and pleaded guilty following entry of the motion court's Judgment. This court asked the parties to file supplemental letter briefs addressing the issue of mootness in light of Gates's plea to an amended charge. The letter briefs provided this Court with additional information about the status of Gates's service of the sentence imposed following Gates's guilty plea to the amended charge.

The State's Brief did not raise the issue of mootness, and instead argued that Gates's appeal should be dismissed because he is not an aggrieved party since his Amended Motion was granted. We do not address the State's argued basis for dismissing Gates's appeal because we otherwise dismiss the appeal as moot.

Prior to the motion court's Judgment vacating Gates's guilty plea, trial court had no authority to act in the criminal proceedings because the judgment convicting and sentencing Gates for the class C felony of stealing was final. See State ex rel. Fite v. Johnson , 530 S.W.3d 508, 510 (Mo. banc 2017) ("Once judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction. It can take no further action in that case except when otherwise expressly provided by statute or rule.").

Gates's appeal thus seeks relief that could not have been awarded by the motion court. It is plain, in fact, that the motion court should not have granted Gates's Amended Motion at all, as relief in whatever form from a final non-appealable judgment of conviction for felony stealing based on the retroactive application of Bazell is error. Though neither party addresses this issue, we observe that Gates does not appear to have suffered prejudice or manifest injustice from the motion court's improvident grant of his Amended Motion. The sentence Gates ultimately received following his guilty plea for felony receiving stolen property afforded him credit for time served on the vacated felony stealing conviction, was the same four-year term as had been imposed for the vacated felony stealing conviction, and afforded Gates the benefit of the 120 day shock program and subsequent supervised probation. Though Gates's original conviction for felony stealing should not have been vacated, Gates appears to be in a better position now than had his original conviction remained in place.