KURT S. ODENWALD, Presiding Judge
Introduction
Appellant Benjamin W. Wagner ("Wagner") appeals from the circuit court's dismissal of his petition for declaratory judgment against Tamara Bowyer[1] ("the State"). In his sole point on appeal, Wagner argues the circuit court erred in dismissing his petition because the newly amended Section 558.019.3[2] abrogates the requirement that he serve a minimum of eighty-five percent of his sentence as a dangerous felony offender. Because the revised statute does not retroactively apply to his offenses and does not distinguish between plea findings and guilty jury verdicts, the circuit court properly dismissed Wagner's petition. Accordingly, we affirm the circuit court's dismissal.
*29 Factual and Procedural History
In 2012, the State charged Wagner with four counts of first-degree rape, four counts of first-degree statutory rape, one count of first-degree child molestation, two counts of first-degree sodomy, two counts of first-degree statutory sodomy, and two counts of third-degree assault. The charges involved Wagner using force and other physical restraints to sexually violate his daughter's friends between 2010 and 2011. Wagner pleaded guilty to all charges. The circuit court sentenced Wagner as a dangerous offender to ten years in prison.
Wagner filed a petition for declaratory judgment arguing that the 2016 amendment to Section 558.019.3 altered the terms of his sentence. Specifically, Wagner alleged the 2016 amendment removed the mandatory minimum sentencing guidelines for his convictions. The State moved to dismiss Wagner's petition, and the circuit court granted dismissal. Wagner now appeals.
Point on Appeal
Wagner argues the circuit court erred in dismissing his petition. Wagner maintains he pleaded sufficient facts entitling him to relief because the legislative amendments to Section 558.019.3 remove the minimum sentence requirements from his convictions.
Standard of Review
We review the circuit court's grant of a motion to dismiss de novo. Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors, 476 S.W.3d 913, 915 (Mo. banc 2016). We "treat[ ] the facts contained in the petition as true and in the light most favorable to the plaintiff." Id. Further, we reverse only "[i]f the petition sets forth any set of facts that, if proven, would entitle the plaintiff[ ] to relief[.]" Id. We also conduct de novo review of statutory construction, which is purely a question of law. Perkins v. Bridgeton Police Dep't., 549 S.W.3d 504, 506 (Mo. App. E.D. 2018).
Discussion
Before addressing the merits of Wagner's point on appeal, we address the deficiencies of his brief. We may dismiss an appeal for failing to comply with proper briefing procedures. See Rule 84.04.[3] Further, pro se appellants must adhere "to the same standards as ... attorneys and must comply with the Supreme Court Rules, including Rule 84.04." Prosser v. State, 243 S.W.3d 496, 497 (Mo. App. E.D. 2008). Despite an appellant's failure to comply with Rule 84.04, we may exercise discretion to review the appeal when the failure does not substantially prevent meaningful review. Kieffer v. Gianino, 301 S.W.3d 119, 120 (Mo. App. E.D. 2010). Here, Wagner does not provide authority for his point relied on, cite authority for his propositions, or cite to the record. See Rule 84.04(c)-(e). Nonetheless, because we are able to ascertain the nature of his underlying claim, we will exercise our discretion to consider Wagner's appeal on its merits. See Kieffer, 301 S.W.3d at 120.
Wagner argues Section 558.019 applies to his current sentence and removes the mandatory minimum sentences placed on his convictions. Section 558.019.3 mandates a minimum prison term of eighty-five percent of the sentence for "any offender who has been found guilty of a dangerous felony as defined in [S]ection 556.061[.]" (emphasis added). The version of Section 558.019.3 effective during 2012-when Wagner pleaded guilty-stated that the minimum sentence applied to "any offender who pleaded guilty to or has been *30 found guilty of a dangerous felony as defined in [S]ection 556.061 [.]" (emphasis added). Wagner maintains the change from "pleaded guilty to or has been found guilty of" to "found guilty of" removes his guilty plea from the minimum sentence requirement because he was not found guilty by a jury. He contends the change was not a mere simplification of the statutory language given that the same change was not made to all statutes in the Revised Criminal Code. See e.g., Section 217.735.2 (defining a prior sex offender as "a person who has previously pleaded guilty to or been found guilty of an offense contained in chapter 566").
I. Section 558.019.3 (2016) Does Not Apply Retroactively.
Wagner's contention that Section 558.019.3 should apply to his 2012 conviction is incorrect. Section 556.001 went into effect on January 1, 2017. Because the legislature did not express its intent for the statute to apply retroactively, it only applies prospectively. Jones by Williams v. Missouri Dep't of Soc. Servs., 966 S.W.2d 324, 327 (Mo. App. E.D. 1998). Therefore, the 2016 version of the statute does not apply to Wagner's 2010 and 2011 offenses.
"[A] defendant will be sentenced according to the law in effect at the time the offense was committed unless a lesser punishment is required by a change in the law creating the offense itself." State v. Johnson, 150 S.W.3d 132, 138 (Mo, App. E.D. 2004) (emphasis omitted); Section 1.160. Thus, "when the law creating the offense is amended prior to sentencing, resulting in a reduction or lessening of the penalty or punishment, the defendant is entitled to be sentenced under the amended law," State v. Stewart, 113 S.W.3d 245, 248 (Mo. App. E.D. 2003).
Here, Wagner identifies no amendments made to the underlying offenses statutes or the felony offender statute between the time of the offenses, in 2010 and 2011, and the time of sentencing, in 2012. Therefore, Section 1.160 is unavailing because the same version of Section 558.019.3 was in effect at Wagner's sentencing as when the offenses occurred. See also Johnson, 150 S.W.3d at 138. Moreover, even if the 2016 version of the statute did apply, Wagner would not be entitled to relief because the plain language of the statute does not distinguish between being found guilty by plea or by trial.
II. Section 558.019.3 Does Not Exclude Guilty Pleas.
Wagner asks this Court to construe differently findings of guilt resulting from pleas versus trials when interpreting the phrase "found guilty" within Section 558.019.3. We are not persuaded that the revision of Section 558.019.3 excludes persons who pleaded guilty to dangerous felonies. Instead, the plain language includes both guilty pleas and guilty trial verdicts.
"The primary rule of statutory interpretation is to effectuate legislative intent through reference to the plain and ordinary meaning of the statutory language." Lumetta v. Sheriff of St. Charles Cty., 413 S.W.3d 718, 720 (Mo. App. E.D. 2013) (citing Bateman v. Rinehart, 391 S.W.3d 441, 446 (Mo. banc 2013) ). Indeed, "[w]hen the plain and ordinary language of a statute is clear, 'there is no need to resort to tools of interpretation.' " W.C.H. v. State, 546 S.W.3d 612, 615 (Mo. App. E.D. 2018) (quoting State v. Bazell, 497 S.W.3d 263, 266 (Mo. banc 2016), modified, (Sept. 20, 2016) ).
Here, the Missouri legislature plainly intended "found guilty" in Section 558.019.3 to include guilty pleas for the purpose of sentencing dangerous felony offenders. The Missouri House of Representatives *31 specified that the amending "bill makes minor technical and grammatical corrections and corrects erroneous intersectional references in the Missouri Criminal Code[.]" H.B. 1371, 97th Gen. Assemb., Reg. Sess. No. 48 (Mo. 2014). Similar examples of such "minor technical and grammatical corrections" include amending "crimes" to "offenses." See, e.g., Sections 217.400, 302.321, 558.019, 573.040, and 570.150. Other relevant examples include substituting "found guilty of" for a variety of longer phrases, such as: "adjudicated guilty of" in Section 578.021; "has pleaded guilty or nolo contendere to, or been convicted of" in Sections 566.147, 566.148, and 566.149; as well as "pleaded guilty to, or been convicted of" in Sections 566.150 and 566.155. Finally, the Missouri legislature made the same change at issue in Section 558.019.3-rephrasing "pleaded guilty to or has been found guilty of" to "found guilty of"-in many other sections, including but not limited to Sections 168.071, 557.026, 558.016, 559.106, 559.115, 565.079, 565.225, 566.125, 566.210, 573.037 and 579.170. Notably, while Wagner offered Section 217.735.2 as a counter-example, the Missouri legislature enacted the same change within Section 217.735.1. We find no evidence of legislative intent to alter the meaning of Section 558.019.3.
The plain meaning of Section 558.019.3 did not change as a result of the 2016 amendment, because the phrase "found guilty" encompasses a guilty plea indistinguishably from a guilty trial verdict. Black's Law Dictionary (10th ed. 2014) offers that a guilty plea "ordinarily has the same effect as a guilty verdict and conviction after a trial on the merits." The same effect derives from the fact that a guilty plea, like a trial, requires a factual basis in order to meet the requirements of due process. Jackson v. State, 535 S.W.3d 347, 349 (Mo. App. E.D. 2016) ; Rule 24.02(e). The Supreme Court supports this equivalency in that "[a] guilty plea not only admits guilt but also consents to judgment of conviction without a jury trial." Garris v. State, 389 S.W.3d 648, 651 (Mo. banc 2012) (citing Cooper v. State, 356 S.W.3d 148, 153 (Mo. banc 2011) ). In an analogous argument, the defendant in State v. Smith asserted his guilty pleas could not trigger the persistent offender statute in Section 558.016, which applied to felons twice "previously convicted [.]" 650 S.W.2d 640, 641 (Mo. App. E.D. 1983). We held there was no difference between previous convictions reached by plea or by trial. Id. In particular, "[t]he word 'convicted' as used in the statute means a final determination of a person's guilt of an offense by a trial or a plea of guilty." Id. (internal citation omitted). The same reasoning applies to being "found guilty" by trial or plea. Thus, a person may equally be found guilty by plea or trial verdict to be "found guilty" within Section 558.019.3. Point denied.
Conclusion
The judgment of the circuit court is affirmed.
Gary M. Gaertner, Jr. J., concurs.
Colleen Dolan, J., concurs.

Bowyer is a records officer at the Farmington Correctional Center, represented by the Assistant Attorney General.

All statutory references are to RSMo (2016), unless otherwise indicated.

All Rule references are to Mo. R. Crim. P. (2016).