

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| JASON NORMAN, | ) | |
| | ) | |
| Respondent, | ) | |
| v. | ) | **WD82057** |
| | ) | |
| | ) | **OPINION FILED:** |
| MISSOURI DEPARTMENT OF | ) | **April 28, 2020** |
| CORRECTIONS, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Cole County, Missouri
The Honorable Daniel R. Green, Judge**

**Before Division Two:** Lisa White Hardwick, Presiding Judge, and
Thomas H. Newton and Mark D. Pfeiffer, Judges

The Missouri Department of Corrections ("MDOC") appeals from the judgment of the

Circuit Court of Cole County, Missouri ("circuit court"), granting Mr. Jason Norman's

("Norman") motion for judgment on the pleadings in his declaratory judgment action, in which he

requested that the court retroactively apply the repeal of section 195.222 and section 195.296 and

declare him parole eligible. We reverse the judgment of the circuit court and enter judgment in

favor of the MDOC pursuant to Rule 84.14.

## Factual and Procedural Background

On December 13, 2002, narcotics officers searched a residence and found a bag containing a mobile methamphetamine lab and more than ninety grams of methamphetamine. Norman was charged, as a prior drug offender, in the Circuit Court of Lafayette County, Missouri ("trial court"), with one count of the class A felony of trafficking in the first degree in violation of section 195.222, and one count of the class A felony of trafficking in the second degree in violation of section 195.223.[1] After a jury trial, Norman was found guilty as charged. The trial court found Norman was a prior drug offender. The trial court sentenced Norman on each count to twenty years in the MDOC without probation or parole, to be served concurrently. Norman appealed his convictions, which this court affirmed. *State v. Norman*, 178 S.W.3d 556 (Mo. App. W.D. 2005).

In 2014, the General Assembly passed Senate Bill 491, which became effective on January 1, 2017. Relevant to this appeal, Senate Bill 491: transferred section 195.222 (defining and prescribing the felony classification for the offense of trafficking drugs, first degree) to section 579.065; transferred section 195.223 (defining and prescribing the felony classification for the offense of trafficking drugs, second degree) to section 579.068; repealed section 195.296 (relating to imprisonment of prior drug offenders for trafficking drugs, first degree); and repealed section 195.295 (relating to imprisonment of prior drug offenders for trafficking drugs, second degree). As a result, the repeal of section 195.222 eliminated the requirement that an offender found guilty of trafficking drugs, first degree, must be sentenced to the authorized term of imprisonment for a class A felony without probation or parole if the quantity of methamphetamine involved was ninety grams or more. Likewise, the repeal of section 195.295 eliminated the

---

[1] All references to sections 195.222 and 195.223 are to the REVISED STATUTES OF MISSOURI 2000, as updated through the 2001 Supplement, the version of the statute in effect on the date of Norman's offenses. *See State v. Sayles*, 491 S.W.3d 271, 272 n.1 (Mo. App. W.D. 2016).

requirement that a prior drug offender found guilty of trafficking drugs, second degree, when the quantity of methamphetamine involved was ninety grams or more, must be sentenced to the authorized term of imprisonment for a class A felony without probation or parole.

On May 21, 2018, Norman filed a Petition for Declaratory Judgment and Reinstatement of Probation and Parole Eligibility in the circuit court. Norman asked the circuit court to retroactively apply the repeal of sections 195.222 and 195.296 and to declare him parole eligible. Thereafter, Norman filed a Motion for Judgment on the Pleadings. After filing an answer denying that Norman was entitled to a declaratory judgment, the MDOC filed a Cross-Motion for Judgment on the Pleadings on July 23, 2018. On the same day, the circuit court entered its Judgment, granting Norman's request for declaratory judgment and concluding that "[s]ections 195.296 and 195.222 are not applicable to determining parole eligibility[,] and [the MDOC] is hereby ordered to apply existing laws concerning [Norman's] parole eligibility."

The MDOC timely appealed.[2]

### Standard of Review

"The question presented by a motion for judgment on the pleadings is whether the moving party is entitled to judgment as a matter of law on the face of the pleadings." *Mo. State Conference of Nat'l Ass'n for Advancement of Colored People v. State*, 563 S.W.3d 138, 146 (Mo. App. W.D. 2018) (internal quotation marks omitted). Appellate review of a circuit court's grant of a motion for judgment on the pleadings is *de novo*. *Id*.

---

[2] This court previously ordered transfer of two other cases that also addressed the retroactive application of the repeal of section 195.295: *Mitchell v. Jones*, WD81049 (Mo. App. W.D. Jan. 8, 2019), and *Woods v. Missouri Department of Corrections*, No. WD81266 (Mo. App. W.D. Jan. 8, 2019). On our own motion, we stayed this appeal pending the decisions of the Missouri Supreme Court in *Mitchell v. Jones*, SC97631, and *Woods v. Missouri Department of Corrections*, SC97633. Opinions in both cases were filed on February 4, 2020. On March 31, 2020, the Supreme Court overruled motions for rehearing in both cases, and final mandates were issued.

**Analysis**

In the MDOC's sole point on appeal, it asserts that the circuit court erred in granting Norman's Motion for Judgment on the Pleadings because section 1.160 bars the retroactive application to his sentence of the General Assembly's amendments to the criminal statutes governing Norman's offenses.

When Norman committed the crime of **trafficking in the first degree** by manufacturing or producing ninety grams or more of methamphetamine, in violation of section 195.222, the statute provided that "[i]f the quantity involved [in manufacturing or producing methamphetamine] is ninety grams or more . . . the person shall be sentenced to the authorized term of imprisonment for a class A felony which term shall be served **without probation or parole**." § 195.222.8(2) (emphasis added). When Norman committed the crime of trafficking in the second degree by possessing ninety grams or more of methamphetamine, in violation of section 195.223, the statute provided that "[i]f the quantity involved [in possessing methamphetamine] is ninety grams or more . . . the person shall be guilty of a class A felony." § 195.223.9(2). Norman was found by the court to be a prior drug offender. Under section 195.296,[3] any person found guilty of **trafficking in the second degree** in violation of section 195.223.9(2) "shall be sentenced to the authorized term of imprisonment of a class A felony, which term shall be served **without probation or parole, if the court finds the defendant is a prior drug offender**." § 195.296.3 (emphasis added).

The Missouri Supreme Court's recent opinions in *Mitchell v. Jones*, No. SC97631, 2020 WL 547402 (Mo. banc Feb. 4, 2020), and *Woods v. Missouri Department of Corrections*,

---

[3] Because a defendant is sentenced according to the law in effect at the time the offense was committed, *Wagner v. Bowyer*, 559 S.W.3d 26, 30 (Mo. App. E.D. 2018), all references to section 195.295 are to the REVISED STATUTES OF MISSOURI 2000, as updated through the 2001 Supplement.

No. SC97633, 2020 WL 548567 (Mo. banc Feb. 4, 2020), govern our disposition of this appeal. In *Mitchell* and *Woods*, the Court considered the applicability of section 1.160, the retroactive effect of the repeal of a statute (§ 195.295) requiring an offender to be sentenced to the authorized term of imprisonment without probation or parole, and whether parole ineligibility under that section is a condition of an offender's sentence.

The issue raised by Norman's appeal is whether section 1.160 prohibited the retroactive application of the repeal of sections 195.222 and 195.296 to his sentences so as to render him eligible for parole.

Section 1.160[4] governs the effect of the repeal of a penal statute and provides:

> No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except that all such proceedings shall be conducted according to existing procedural laws.

In *Mitchell*, the Missouri Supreme Court addressed the scope of section 1.160. "While section 1.160 prohibits the retroactive application of a statute's repeal or amendment under certain circumstances, its scope is limited. It is a general savings statute and serves a narrow purpose." *Mitchell*, 2020 WL 547402, *3. As the Court explained:

> This section preserves: (1) liability for offenses committed previous to or at the time a statutory provision is repealed or amended; (2) liability for fines, penalties, and forfeitures incurred previous to or at the time a statutory provision is repealed or amended; and (3) the authority to continue prosecutions commenced or pending before a statutory provision is repealed or amended.

*Id.* According to the Court, "[w]hen a case has been reduced to final judgment and direct review exhausted, . . . the preservation afforded by section 1.160 is unnecessary because the repeal does

---

[4] All references to section 1.160 are to the REVISED STATUTES OF MISSOURI 2016, as supplemented.

not affect final adjudications in the first instance." *Id*. at \*4. "It is only when a statutory provision is repealed or amended before adjudication is complete and direct review exhausted that section 1.160 saves the liability, punishment, and prosecution arising under the repealed provision and continues the statute in force until proceedings commenced thereunder, regardless of their nature, might be complete." *Id*. (internal quotation marks omitted). "'[S]ection 1.160 authorizes a defendant to move for a reduction of sentence if the penalty for his offense of conviction has been reduced subsequent to the commission of the offense *but before the conviction becomes final*.'" *Id*. (quoting *State v. Sumlin*, 820 S.W.2d 487, 492 (Mo. banc 1991)) (emphasis added). Accordingly, section 1.160 "is inapplicable to sentences in final judgments." *Id*. at \*5.

For the offense of trafficking in the first degree by manufacturing or producing ninety grams or more of methamphetamine, because of the amount of drugs Norman possessed, the circuit court was required to sentence him for a class A felony term to be served without probation or parole. § 195.222.8(2). And because the circuit court found that Norman committed second-degree trafficking as a prior drug offender, the court was required to sentence Norman to a class A felony term to be served without probation or parole. § 195.295.3. "[Norman's] parole ineligibility was mandated as part of the punishment within the particular statute[s] designating the permissible penalty for his offense[s]. Therefore, parole ineligibility is part of his sentence." *Id*. at \*2. Any application of the repeal of sections 195.222 and 195.295 to Norman retroactively would change his sentence. Consequently, the repeal of sections 195.222 and 195.295 can have no effect on Norman's parole eligibility. "He remains ineligible for parole in accordance with the terms of his sentence[s]." *Id*. at \*5 Accordingly, the circuit court erred in granting Norman's motion for judgment on the pleadings.

6

Because the parties only disagree about the legal effect of the repeal of sections 195.222 and 195.295 on Norman's parole eligibility, further proceedings in the circuit court are unnecessary, and pursuant to Rule 84.14, we may enter judgment for the MDOC on its cross-motion for judgment on the pleadings. *See Woods*, 2020 WL 548567, *1 (citing *City of DeSoto v. Nixon*, 476 S.W.3d 282, 291 (Mo. banc 2016) ("Under Rule 84.14, this Court may enter the judgment the trial court should have entered.")).

The MDOC's point is granted.

### Conclusion

The circuit court's judgment is reversed, and this court enters judgment in favor of MDOC pursuant to Rule 84.14.

/s/ *Mark D. Pfeiffer*

Mark D. Pfeiffer, Judge

Lisa White Hardwick, Presiding Judge, and Thomas H. Newton, Judge, concur.