

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| **BERRY LIVINGSTON,** | ) | |
| | ) | |
| **Respondent,** | ) | |
| **v.** | ) | **WD81789** |
| | ) | |
| | ) | **OPINION FILED:** |
| **MISSOURI DEPARTMENT OF** | ) | **July 28, 2020** |
| **CORRECTIONS,** | ) | |
| | ) | |
| **Appellant.** | ) | |

### Appeal from the Circuit Court of Cole County, Missouri
### The Honorable Daniel R. Green, Judge

**Before Division One:** Thomas H. Newton, Presiding Judge, and
Mark D. Pfeiffer and Edward R. Ardini, Jr., Judges

The Missouri Department of Corrections ("MDOC") appeals from the judgment of the

Circuit Court of Cole County, Missouri ("circuit court"), granting Mr. Berry Livingston's

("Livingston") motion for judgment on the pleadings in his declaratory judgment action, in which

he requested that the court retroactively apply the repeal of section 195.291 and declare him parole

eligible. We reverse the judgment of the circuit court and enter judgment in favor of the MDOC

pursuant to Rule 84.14.

## Factual and Procedural Background

In February of 2017, Livingston was convicted of possessing a controlled substance with

intent to distribute in violation of section 195.211.3 and unlawful use of drug paraphernalia in

violation of section 195.233.2 for offenses Livingston committed December 9, 2013.[1] Subsequently, the General Assembly repealed section 195.291, effective January 1, 2017. As a result, the requirement that an offender found guilty of possessing a controlled substance with intent to distribute in violation of section 195.211 must be sentenced to the authorized term of imprisonment for a class A felony without probation or parole if the court finds the defendant is a persistent drug offender was eliminated.

In April of 2017, the court found Livingston was a persistent drug offender, and accordingly sentenced him for the possession conviction to fifteen years without probation or parole pursuant to section 195.291.2, and one year in county jail for the unlawful use of drug paraphernalia, to be served concurrently.[2] Livingston appealed his convictions, which the Eastern District of this Court affirmed. *State v. Livingston*, 547 S.W.3d 606, 607 (Mo. App. E.D. 2018).

On November 29, 2017, Livingston filed a Petition for Declaratory Judgment in the circuit court. Livingston asked the circuit court to declare him parole eligible. Thereafter, Livingston filed a Motion for Judgment on the Pleadings. After filing an answer denying that Livingston was entitled to a declaratory judgment, the MDOC filed a Cross-Motion for Judgment on the Pleadings on May 14, 2018. On the same day, the circuit court entered its Judgment, granting Livingston's request for declaratory judgment and concluding that "[s]ection 195.291 is not applicable to determining parole eligibility[,] and [the MDOC] is hereby ordered to apply existing laws concerning [Livingston's] parole eligibility."

---

[1] All references to sections 195.211 and 195.233 are to the REVISED STATUTES OF MISSOURI 2000, as updated through the 2013 Cumulative Supplement, the version of the statute in effect on the date of Livingston's offenses. *See State v. Sayles*, 491 S.W.3d 271, 272 n.1 (Mo. App. W.D. 2016).

[2] Because a defendant is sentenced according to the law in effect at the time the offense was committed, *Wagner v. Bowyer*, 559 S.W.3d 26, 30 (Mo. App. E.D. 2018), all references to section 195.291 are to the REVISED STATUTES OF MISSOURI 2000, as updated through the 2013 Cumulative Supplement.

The MDOC timely appealed.[3] During the pendency of this appeal, Livingston was granted parole and released from custody, and further, Governor Parson granted a limited commutation of Livingston's sentence to house arrest during his "term of parole ineligibility" pursuant to section 217.541, noting that the Parole Board would still have discretion and authority to revoke the house arrest and return him to the MDOC and that Livingston's sentence duration of fifteen years was not otherwise shortened.

## Standard of Review

"The question presented by a motion for judgment on the pleadings is whether the moving party is entitled to judgment as a matter of law on the face of the pleadings." *Mo. State Conference of Nat'l Ass'n for Advancement of Colored People v. State*, 563 S.W.3d 138, 146 (Mo. App. W.D. 2018) (internal quotation marks omitted). Our review of the circuit court's grant of a motion for judgment on the pleadings is *de novo*. *Id.*

## Analysis

Initially, we must dispose of Livingston's motion to dismiss this appeal, which was taken with the case. "Before we consider the merits of [the MDOC's] appeal, we must determine, as a threshold question, whether the controversy is moot." *Gates v. State*, 539 S.W.3d 90, 93 (Mo. App. W.D. 2018). Livingston argues this appeal by the MDOC is moot because Livingston has already actually been paroled and released from custody and has received a limited commutation of his "term of parole ineligibility . . . to house arrest pursuant to Section 217.541" from Governor

---

[3] This court previously ordered transfer of two other cases that also addressed the retroactive application of the repeal of section 195.295: *Mitchell v. Jones*, No. WD81049, 2019 WL 8109959 (Mo. App. W.D. Jan. 8, 2019), and *Woods v. Missouri Department of Corrections*, No. WD81266, 2019 WL 8109960 (Mo. App. W.D. Jan. 8, 2019). Livingston moved for a stay of this appeal pending the decision of the Missouri Supreme Court in *Woods v. Missouri Department of Corrections*, SC97633, which this Court granted. Opinions in both cases were filed on February 4, 2020. On March 31, 2020, the Supreme Court overruled motions for rehearing in both cases, and final mandates were issued. *See Mitchell v. Phillips*, 596 S.W.3d 120 (Mo. banc 2020), and *Woods v. Mo. Dep't of Corr.*, 595 S.W.3d 504 (Mo. banc 2020). On our own motion, this Court lifted the stay of this appeal on April 17, 2020.

3

Parson on May 4, 2020. The MDOC argues in response that because the parties still disagree about whether Livingston is eligible for parole, it is still entitled to have that controversy adjudicated. The MDOC further argues that a decision from this court will have practical consequences, as it will allow the MDOC to know whether it should correct Livingston's erroneous release, and it will affect the terms of Livingston's commutation.

"To exercise appellate jurisdiction, the case must present 'an actual and vital controversy susceptible of some relief.'" *Gates*, 539 S.W.3d at 93 (quoting *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001)). "[A] cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Id.* (internal quotation marks omitted). Even if the case was not moot at its inception, it may become so through an intervening event that changes the situation of the parties such that "any judgment rendered merely becomes a hypothetical opinion." *Id.* (internal quotation marks omitted). In determining mootness, this court may consider facts outside of the record. *Id.*

Here, there is an actual and vital controversy: the parties disagree about whether Livingston is eligible for parole. This controversy is susceptible of relief in the form of a judgment reversing the circuit court's erroneous judgment as to Livingston's parole eligibility having the practical effects of giving the MDOC the ability to correct Livingston's parole eligibility status and ensure proper application of the commutation granted by Governor Parson. Because the case presents an actual controversy susceptible of relief having a practical effect on that controversy, it is not moot and we may exercise appellate jurisdiction addressing the merits of the MDOC's appeal. *Id.* Accordingly, Livingston's motion to dismiss this appeal as moot is denied.

In its sole point relied on, the MDOC asserts that the circuit court erred in granting Livingston's Motion for Judgment on the Pleadings because section 1.160 bars the retroactive application to Livingston's sentence of the General Assembly's amendments to the criminal statutes governing Livingston's offenses.

When Livingston committed the crime of possessing a controlled substance with intent to distribute, in violation of section 195.211.3, the statute provided that "[a]ny person who violates or attempts to violate this section with respect to any controlled substance, except five grams or less of marijuana is guilty of a class B felony." Livingston was found by the court to be a persistent drug offender. Under section 195.291.2, "[a]ny person who has pleaded guilty to or been found guilty of a violation of section 195.211, when punishable as a class B felony, shall be sentenced to the authorized term of imprisonment for a class A felony which term shall be served without probation or parole if the court finds the defendant is a persistent drug offender."

The Missouri Supreme Court's recent opinions in *Mitchell v. Phillips*, 596 S.W.3d 120 (Mo. banc 2020), and *Woods v. Missouri Department of Corrections*, 595 S.W.3d 504 (Mo. banc 2020), govern our disposition of this appeal. In those cases, the Court considered the applicability of section 1.160, the retroactive effect of the repeal of a statute (§ 195.295) requiring an offender to be sentenced to the authorized term of imprisonment without probation or parole, and whether parole ineligibility under that section is a condition of an offender's sentence.

The issue raised by MDOC's appeal is whether section 1.160 prohibited the retroactive application of the repeal of section 195.291 to Livingston's sentence so as to render him eligible for parole.

Section 1.160[4] governs the effect of the repeal of a penal statute and provides:

> No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except that all such proceedings shall be conducted according to existing procedural laws.

In *Mitchell*, the Missouri Supreme Court addressed the scope of section 1.160. "While section 1.160 prohibits the retroactive application of a statute's repeal or amendment under certain circumstances, its scope is limited. It is a general savings statute and serves a narrow purpose." *Mitchell*, 596 S.W.3d at 125. As the Court explained:

> This section preserves: (1) liability for offenses committed previous to or at the time a statutory provision is repealed or amended; (2) liability for fines, penalties, and forfeitures incurred previous to or at the time a statutory provision is repealed or amended; and (3) the authority to continue prosecutions commenced or pending before a statutory provision is repealed or amended.

*Id.* According to the Court, "[w]hen a case has been reduced to final judgment and direct review exhausted, . . . the preservation afforded by section 1.160 is unnecessary because the repeal does not affect final adjudications in the first instance." *Id.* at 125-26. "It is only when a statutory provision is repealed or amended before adjudication is complete and direct review exhausted that section 1.160 saves the liability, punishment, and prosecution arising under the repealed provision and continues the statute in force until proceedings commenced thereunder, regardless of their nature, might be completed." *Id.* at 126 (internal quotation marks omitted). "'[S]ection 1.160 authorizes a defendant to move for a reduction of sentence if the penalty for his offense of conviction has been reduced subsequent to the commission of the offense *but before the conviction*

---

[4] All references to section 1.160 are to the REVISED STATUTES OF MISSOURI 2016, as supplemented.

*becomes final.*'" *Id.* (quoting *State v. Sumlin*, 820 S.W.2d 487, 492 (Mo. banc 1991)) (emphasis added). Accordingly, section 1.160 "is inapplicable to sentences in final judgments." *Id*.

For the offense of possessing a controlled substance with intent to distribute, the court was required to sentence Livingston to a class B felony term. § 195.211.3. And because the circuit court found that Livingston committed possession of a controlled substance with intent to distribute as a persistent drug offender, the court was required to sentence him to a class A felony term to be served without probation or parole. § 195.291.2. "[Livingston's] parole ineligibility was mandated as part of the punishment within the particular statute designating the permissible penalty for his offense. Therefore, parole ineligibility is part of his sentence." *Mitchell*, 596 S.W.3d at 123. Any application of the repeal of section 195.291 to Livingston retroactively would change his sentence. Consequently, the repeal of section 195.291 can have no effect on Livingston's parole eligibility. "He remains ineligible for parole in accordance with the terms of his sentence[s]." *Id.* at 126-27. Accordingly, the circuit court erred in granting Livingston's Motion for Judgment on the Pleadings.

The MDOC's point is granted.

### Conclusion

The circuit court's judgment is reversed, and this court enters judgment in favor of MDOC pursuant to Rule 84.14.

/s/ *Mark D. Pfeiffer*

Mark D. Pfeiffer, Judge

Thomas H. Newton, Presiding Judge, and Edward R. Ardini, Jr., Judge, concur.

7