

# Missouri Court of Appeals

### Southern District

### Division One

STATE OF MISSOURI,                              )
                                                   )
     Plaintiff-Respondent,                    )
                                                   )
v.                                             )          No. SD33813
                                                   )
JOSHUA P. GILMORE,                              )          **Filed:  Sept. 16, 2016**
                                                   )
     Defendant-Appellant.                     )

### APPEAL FROM THE CIRCUIT COURT OF DADE COUNTY

Honorable James R. Bickel, Circuit Judge

**<u>AFFIRMED</u>**

Joshua P. Gilmore ("Defendant") was convicted, after a jury trial, of the enhanced class

D felony of driving while revoked ("DWR"). *See* section 302.321.[1]  Defendant does not dispute

the facts of this case or argue that insufficient evidence supports his DWR conviction.  Instead,

he argues that insufficient evidence supports the *enhancement* of his DWR offense from a

misdemeanor to a felony based on the "fourth or subsequent conviction for any other offense"

---

[1] The statute in effect on the date of Defendant's DWR offense, November 7, 2013, is the applicable version of the statute. *See State v. Sayles*, 491 S.W.3d 271, 272 n. 1 (Mo. App. W.D. 2016).  Thus, all references to section 557.021 are to RSMo 2000.  All other statutory references are to RSMo Cum. Supp. 2013.

provision in section 302.321.2 because the legislature intended that the qualifying offenses be *felony* offenses. We disagree and affirm the judgment of conviction and sentence.

## Standard of Review and Applicable Law

Defendant's argument is not preserved for review because it was not presented to the trial court.[2] *See State v. Collins*, 328 S.W.3d 705, 707 (Mo. banc 2011). "Any issue that was not preserved can only be reviewed for plain error, which requires a finding that manifest injustice or a miscarriage of justice has resulted from the trial court error." *State v. Severe*, 307 S.W.3d 640, 642 (Mo. banc 2010). That being said, a sentence that exceeds the maximum authorized sentence for an offense constitutes plain error that results in manifest injustice.[3] *Id.*

This court must determine whether the legislature's use of the phrase "any other offense" in section 302.321.2 encompasses only felony offenses. "When construing a criminal statute, an appellate court is to give effect to the legislature's intent by examining the plain language of the statute." *State v. Stewart*, 113 S.W.3d 245, 249 (Mo. App. E.D. 2003). If no statutory definition is provided (as here), appellate courts give words their plain and ordinary meaning, as supplemented (if necessary) with definitions from the dictionary. *State ex rel. Richardson v. Green*, 465 S.W.3d 60, 64 (Mo. banc 2015). If the statutory language is clear, the language should be applied as written, *Kearney Special Rd. Dist. v. Cnty. of Clay*, 863 S.W.2d 841, 842 (Mo. banc 1993), and "[c]ourts do not have the authority to read into a statute a legislative intent

---

[2] Defendant did object to the enhancement of his DWR offense, but he did so on wholly different grounds than those he now asserts on appeal. Prior to trial, Defendant argued that section 302.321 was unconstitutional because, as it was written, it actually *allowed* the use of prior misdemeanors to enhance DWR, but he claimed that this was unconstitutional because it bore no rational relation to any State interest. At no point did Defendant argue to the trial court that the word "offense" had to be construed as referencing felony offenses only. *See State v. Lemons*, 351 S.W.3d 27, 32 (Mo. App. S.D. 2011) (reviewing enhanced sentence for plain error where the grounds for reversal argued on appeal were different from those argued at trial).

[3] The maximum possible sentence for misdemeanor DWR would have been one year, but Defendant was sentenced to four years' imprisonment for the class D felony of DWR. *See* sections 302.321, 557.021.1, and 558.011.1.

that is contrary to its plain and ordinary meaning." ***State v. Rowe***, 63 S.W.3d 647, 650 (Mo. banc 2002).

"A court will look beyond the plain meaning of the statute only when the language is ambiguous or would lead to an absurd or illogical result." ***Akins v. Dir. of Revenue***, 303 S.W.3d 563, 565 (Mo. banc 2010). "A statute's provisions must be construed and considered together and, if possible, all provisions must be harmonized and every clause given some meaning." ***State v. Moore***, 952 S.W.2d 812, 813 (Mo. App. E.D. 1997).

### Analysis

"Any person convicted of [DWR] is guilty of a misdemeanor." Section 302.321.2. However, DWR is a class D felony when a defendant's prior convictions satisfy one of the following three enhancement provisions:

> [(1)] Any person with no prior alcohol-related enforcement contacts as defined in section 302.525, convicted a fourth or subsequent time of driving while revoked or a county or municipal ordinance of driving while suspended or revoked where the defendant was represented by or waived the right to an attorney in writing, and where the prior three driving-while-revoked offenses occurred within ten years of the date of occurrence of the present offense; and
>
> [(2)] [A]ny person with a prior alcohol-related enforcement contact as defined in section 302.525, convicted a third or subsequent time of driving while revoked or a county or municipal ordinance of driving while suspended or revoked where the defendant was represented by or waived the right to an attorney in writing, and where the prior two driving-while-revoked offenses occurred within ten years of the date of occurrence of the present offense and where the person received and served a sentence of ten days or more on such previous offenses[.]
> . . .
>
> [(3)] [O]n the second or subsequent conviction pursuant to section 577.010 [driving while intoxicated] or a fourth or subsequent conviction for *any other offense*.

Section 302.321.2 (emphasis added); ***Sayles***, 491 S.W.3d at 273.

The plain language of this statute, as supplemented with dictionary definitions, does not evidence an intent to limit "any other offense" to felony offenses. "Offense" has been defined as

3

"[a] violation of the law; a crime, often a minor one." *Black's Law Dictionary* 1186 (9th ed. 2009). Offense has also been defined as "a transgression of the law; misdemeanor." *The Random House Dictionary of the English Language* 1344 (Unabr. 2d ed. 1987).

Defendant concedes that he had five prior misdemeanor convictions, including: first-degree trespass, operating a motor vehicle in a careless and imprudent manner, operating an all-terrain vehicle upon a highway, third-degree assault, and driving while intoxicated. Defendant argues that interpreting "offense" to mean anything other than felony offenses leads to absurd results for two reasons. First, he claims that classifying DWR as a felony following convictions for four "minor offenses" (e.g., first-degree trespass or third-degree assault) is an absurd result. However, "absurd result" is not synonymous with "harsher punishment." In substance, Defendant argues that punishing certain groups of offenses more harshly than other groups of offenses leads to an absurd result. But absent constitutional limitations not implicated here, the determination of criminal punishments is a policy decision left solely to the legislature. *State v. Hart*, 404 S.W.3d 232, 246 (Mo. banc 2013); *State v. Alexander*, 285 S.W. 984, 985 (Mo. 1926).

Second, Defendant argues that if any four non-felony convictions may enhance DWR to a felony, then there would be no purpose for the provisions in section 302.321.2 governing enhancement based on multiple prior DWR's. This argument overlooks the fact that the "any other offense" provision requires *four* other convictions before the felony enhancement is triggered. The enhancements for prior DWR's require only *two* or *three* prior convictions (depending on whether a defendant also has a prior alcohol-related enforcement contact).[4]

---

[4] Nor does section 302.321 evidence a general intent that the legislature sought to otherwise limit DWR enhancement to only prior felony convictions. Other misdemeanors (DWR and driving while intoxicated) and even a driver's license revocation for refusal to submit to chemical testing under an implied consent law may work to enhance a DWR to a felony. *See* section 302.525.3 (defining "alcohol-related enforcement contacts" as that term is used in section 302.321.2).

4

Defendant also misconstrues our role in interpreting statutes. If a defendant's prior convictions are for DWR, the legislature—through section 302.321.2—requires certain prerequisites before those convictions may enhance an additional DWR offense. If the prior convictions are for driving while intoxicated under section 577.010, the enhancement is triggered upon two convictions. If the convictions are for "any other offense," then four or more convictions are required to enhance DWR to a felony. This determination of which offenses, or collection of offenses, may enhance the punishment for DWR, and the conditions attached to those enhancing offenses, is left to the discretion of the legislature.

"The last sentence of section 302.321.2 states clearly that the offense of driving while revoked is a class D felony if the state proves four convictions 'for any other offense.'" ***Dorsey v. State***, 115 S.W.3d 842, 844 (Mo. banc 2003). Because the plain meaning of the language used fails to indicate any legislative intent to limit the term "offense" to only felony offenses, Defendant's point is denied, and the judgment of conviction and sentence is affirmed.[5]

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, P.J. – CONCURS

MARY W. SHEFFIELD, C.J. – CONCURS

---

[5] Defendant also requests that his conviction be vacated based on the rule of lenity. "Under the rule of lenity, an ambiguity in a penal statute will be construed against the government or party seeking to exact statutory penalties and in favor of persons on whom such penalties are sought to be imposed." ***State v. Graham***, 204 S.W.3d 655, 656 (Mo. banc 2006). Because the phrase "any other offenses" is not ambiguous, the rule of lenity does not apply.