Lisa Van Amburg, Judge
The State[1] appeals the circuit court's judgment granting Respondent Tracy Perkins's petition for expungement of her Forgery convictions. The State argues that the circuit court erred because Section 610.140 RSMo Supp. 2013 does not authorize the expungement of Forgery convictions. We reverse.
Factual Background
In 1991, Tracy Perkins ("Perkins") pled guilty to nine counts of Forgery in violation of Section 570.090 RSMo, where Perkins wrote checks in another person's name, without that person's authorization, and knowing that the checks were forged. Perkins successfully completed probation related to those Forgery convictions over twenty years ago, owes no restitution for her offenses, and has not been convicted of any misdemeanors or felonies in the interim. Still, the Forgery convictions remain on Perkins's criminal record.
On December 30, 2016, Perkins filed a petition under Section 610.140 to expunge the records of her arrest, plea, and convictions relating to the 1991 forgeries. The State opposed Perkins's petition on the ground that Forgery is not an offense that is eligible for expungement under 610.140.[2] ,[3]
*506 The circuit court found that the facts underlying Perkins's convictions could support a conviction for either Forgery under Section 570.090 or Fraudulent Use of a Credit or Debit Device under Section 570.130. The circuit court noted that a conviction under Section 570.130 is eligible for expungement per Section 610.140.2(1), while a conviction under Section 570.090 is not eligible. The circuit court looked past the plain language of Section 610.140, reasoning that barring expungement "because of the name of the offense versus the underlying conduct" is illogical and absurd, and against the intent of Section 610.140. The circuit court also noted that expungement would be consistent with the public welfare based on Perkins's current and continuing status as a "contributing member of society."
Standard of Review
In reviewing a court-tried case, we affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Doe v. Missouri State Highway Patrol Criminal Records Repository , 474 S.W.3d 171, 174 (Mo. App. E.D. 2015). Here, the circuit court's judgment is based on its construction of Section 610.140. Because statutory construction is purely a question a law subject to independent de novo review, we give no deference to the circuit court's determination of law. Martinez v. State , 24 S.W.3d 10, 15 (Mo. App. E.D. 2000).
Analysis
In its sole point on appeal, the State claims that the circuit court erred in looking beyond the plain meaning of Section 610.140 to find that Perkins was entitled to expungement of the records relating to her Forgery convictions.
The conduct underlying Perkins's 1991 convictions could have supported convictions for either Forgery or Fraudulent Use of a Credit or Debit Device.[4] Perkins claims that because her underlying conduct in 1991 could have resulted in two different outcomes-one in which her criminal record is eligible for expungement and one where it is not- Section 610.140 leads to an illogical and absurd result. Therefore, she asks us to look beyond the plain meaning of Section 610.140.
The parties and circuit court agree that Forgery records are not eligible for expungement under Section 610.140. "The primary rule of statutory interpretation is to effectuate legislative intent through reference to the plain and ordinary meaning of the statutory language." Lumetta v. Sheriff of St. Charles Cty. , 413 S.W.3d 718, 720 (Mo. App. E.D. 2013). We will look beyond the plain meaning of the statute only when the language is ambiguous or would lead to an absurd or illogical result. Id.
"The language of a statute or ordinance leads to 'absurd or illogical results' when there is a complete contradiction in the language or when two statutory provisions cannot be harmonized." City of Univ. City v. AT & T Wireless Servs. , 371 S.W.3d 14, 20 (Mo. App. E.D. 2012). There is no disharmony in Section 610.140 that results from the fact that Fraudulent Use of a Credit or Debit Device is eligible for expungement while Forgery is not. The legislature decided *507 that Forgery is an offense for which expungement shall not be available. The prosecution decided to charge Perkins with Forgery and Forgery is the conviction it obtained against Perkins in 1991. "[A] prosecutor has broad discretion to determine when, if, and how criminal laws are to be enforced, and [ ] this decision is seldom subject to judicial review." State v. Honeycutt , 96 S.W.3d 85, 89 (Mo. 2003). Just as we cannot look back to 1991 and change Perkins's conviction to Fraudulent Use of a Credit or Debit Device, we cannot look beyond the legislature's plain enumeration of offenses that are ineligible for expungement.
Perkins claims that we are not limited to reviewing statutes for "a complete contradiction in the language or when two statutory provisions cannot be harmonized." Instead, she claims that we may and should "independently evaluate" whether Section 610.140, when applied to the facts of this case, leads to an illogical or absurd result. Perkins suggests that the legislature could not have foreseen the outcome here. We disagree. The legislature, in Section 610.140(2) specifically enumerated offenses which are eligible for expungement. The legislature chose not to include Forgery in these offenses. A reviewing court may not add words by implication where a statute is clear and ambiguous. Martinez , 24 S.W.3d at 16. Here, the Section 610.140 is clear, so we do not insert 570.090 as an expungement-eligible offense or read beyond the plain meaning to find that expungement is possible if the petitioner's underlying conduct is such that they could have been charged with a lesser offense.
Section 610.140 is not ambiguous, nor does it lead to an illogical or absurd result. The circuit court erred in granting Perkins's petition for expungement of her Forgery convictions. While we commend Perkins for turning her life around after her convictions, we simply cannot subvert the clear intent of the legislature.
Conclusion
The trial court's judgment is reversed.
Colleen Dolan, P.J. Mary K. Hoff, J., concur.

The petitioner noticed the following parties for her hearing on expungement: the Missouri State Highway Patrol Criminal Records Repository, the St. Louis County Police Department, the St. Louis County Prosecuting Attorney, and the City of Bridgeton. The Missouri State Highway Patrol Criminal Records Repository and the St. Louis County Prosecuting Attorney filed a joint brief. For the ease of the reader, we refer to the Appellants collectively as "the State."

Forgery, as defined by RSMo 570.090, is a Class D Felony. Section 610.140 RSMo Supp. 2013 provides:
2. The following offenses are eligible to be expunged when such offenses occurred within the state of Missouri and were prosecuted under the jurisdiction of a Missouri municipal associate or circuit court:
(1) Any felony or misdemeanor offense of passing a bad check under 570.120, fraudulently stopping payment of an instrument under 570.125, or fraudulent use of a credit device or debit device under section 570.130;
(2) Any misdemeanor offense of sections 569.065, 569.067* *, 569.090, subdivision (1) of subsection 1 of section 569.120, sections 569.140, 569.145, 572.020, 574.020, or 574.075; or
(3) Any class B or C misdemeanor offense of section 574.010.

The current version of Section 610.140, RSMo 2016 (effective date January 1, 2018), lists both 570.090 and 570.130 as offenses which are ineligible for expungement.

The State does not dispute the circuit court's factual finding that Perkins could have been convicted under 570.090 or 570.130.