

# In the Missouri Court of Appeals
# Eastern District
## DIVISION ONE

| | | |
|---|---|---|
| N.M.C., | ) | |
| | ) | |
| Petitioner/Respondent, | ) | No. ED110683 |
| | ) | |
| vs. | ) | |
| | ) | |
| MISSOURI STATE HIGHWAY PATROL | ) | Appeal from the Circuit Court |
| CRIMINAL RECORDS REPOSITORY, | ) | of St. Louis County |
| | ) | 21SL-CC05654 |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CREVE COEUR MUNICIPAL POLICE | ) | |
| DEPARTMENT, | ) | |
| CITY OF CREVE COEUR MUNICIPAL | ) | Honorable Matthew Hearne |
| COURT, | ) | |
| CITY OF CHESTERFIELD MUNICIPAL | ) | |
| DIVISION, | ) | |
| ST. LOUIS COUNTY PROSECUTING | ) | |
| ATTORNEY, | ) | |
| ST. LOUIS COUNTY CIRCUIT COURT | ) | |
| DIVISION 32, | ) | Filed: February 21, 2023 |
| CHESTERFIELD MUNICIPAL POLICE | ) | |
| DEPARTMENT, and | ) | |
| ST. LOUIS COUNTY POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

The Missouri State Highway Patrol Criminal Records Repository ("the Highway Patrol")

appeals the judgment entered by the Circuit Court of St. Louis County expunging multiple

offenses, including two felonies, from the record of the petitioner, N.M.C. Because the trial court

ordered expungement of more than one felony from N.M.C.'s record, the trial court did not comply with section 610.140.12 RSMo. (Supp. 2022),[1] which imposes on a petitioner a lifetime limit of expungement of one felony record. We reverse and remand.

Factual and Procedural Background

On November 23, 2021, N.M.C. filed his petition seeking relief under section 610.140, which governs the expungement of certain criminal records. The petition sought expungement of three felony offenses and two ordinance violations in St. Louis County.[2] Two cases are at issue in this appeal, one involving felony charges brought in 2006 and one involving felony charges brought in 2013.

First, in case number 2106CR-03033, the State charged that N.M.C. committed possession of a controlled substance on February 4, 2006. The substance was "either coke or hot crack," according to N.M.C.'s testimony at the expungement hearing. The petition for expungement also listed a second charge of felony possession of a controlled substance with the same arrest date and same case number, but a different arresting agency. There is no dispute that whether one or two felony offenses were charged, they arose out of the same course of conduct and thus comprise a single offense for purposes of section 610.140. N.M.C. pled guilty to the class C felony of possession of a controlled substance, and was entered into the St. Louis County drug court treatment program. He successfully completed the program in 2009, after which his guilty plea was withdrawn and the felony drug charges against him dismissed.

---

[1] All statutory references are to RSMo. (Supp. 2022) except as otherwise indicated.

[2] The parties disagree, and the record is unclear, whether N.M.C.'s 2006 charges involved one or two counts of felony possession of a controlled substance. In any event, whether the 2006 case involved one or two felony counts, there is no dispute that the case is treated as a single offense for purposes of section 610.140 as explained in this opinion.

Second, in case number 13SL-CR08442, the State charged N.M.C. with a single count of felony possession of a controlled substance (Vicodin pills) and one count of misdemeanor unlawful use of drug paraphernalia for acts committed on August 28, 2012. The felony charge was dismissed in exchange for N.M.C.'s plea of guilty in 2014 to misdemeanor unlawful use of drug paraphernalia. N.M.C. was sentenced to confinement of six months in the county jail, execution suspended, and supervised probation for two years.

The Highway Patrol sought leave to file a late answer to N.M.C.'s petition, but the trial court never ruled on the motion. N.M.C. did not seek a default judgment, and counsel for the Highway Patrol participated in the expungement hearing without objection from N.M.C. The Highway Patrol objected, both in its proposed answer lodged with the court and on the record at the hearing, that N.M.C.'s petition sought expungement of more felony offenses than section 610.140.12 allows.

In reviewing the offenses listed in the petition for expungement, the trial court stated that "[l]istening to [N.M.C.'s] testimony it sounds like those things were happening at the same time. There's essentially two events, one in '06 and one in 2013. I understand the State's objection. I'll over (sic) that objection, and I'll go ahead and (inaudible) be expunged." The court ordered that "[p]etitioner's records related to the arrest, plea, trial, or conviction record(s)" specified in N.M.C.'s petition be expunged, including the 2006 and 2013 felony records summarized above. The Highway Patrol filed a motion to amend the judgment or in the alternative to reconsider, arguing that the court had expunged more felonies than allowed under section 610.140.12. The court denied the Highway Patrol's motion without explanation. This appeal follows.

Discussion

The Highway Patrol claims the trial court erred when it expunged multiple felonies from N.M.C.'s record because section 610.140.12 imposes on a petitioner a lifetime limit of expungement of one felony offense. Before we reach the merits of the Highway Patrol's claim of error, however, we are obliged to consider two preliminary matters raised by N.M.C. He contends the Highway Patrol lacks standing to appeal the trial court's judgment, and he challenges preservation of the Highway Patrol's claim of error.

*Justiciability of Appeal*

N.M.C. contends the Highway Patrol lacks standing to appeal the trial court's judgment. He points to section 610.140.5, which states in part that the clerk of the court shall give notice of the petition filing to the agency that prosecuted the offenses listed in the petition. The prosecuting agency shall then have thirty days to file a written objection to the expungement petition. Section 610.140.5.

Our courts have a duty to determine whether a party has standing prior to addressing the substantive issues in the case. *T.V.N. v. Missouri State Hwy. Patrol Criminal Justice Info. Servs.*, 592 S.W.3d 74, 77 (Mo. App. W.D. 2019). Standing is a question of law that we review *de novo*. *Id*.

"The petition shall name as defendants all law enforcement agencies, … central state repositories of criminal records, or others who the petitioner has reason to believe may possess the records subject to expungement for each of the offenses, violations, and infractions listed in the petition." Section 610.140.3. "The court's order of expungement shall not affect any person or entity not named as a defendant in the action." *Id*. Here, N.M.C. named the Missouri State

Highway Patrol Criminal Records Repository as a defendant, thus subjecting the Highway Patrol to the court's order.

In addition, section 512.020 RSMo. (2016) affords the right of appeal to "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause ...." The term "aggrieved" as used in section 512.020 means to suffer an infringement or denial of legal rights. *T.V.N.*, 592 S.W.3d at 77. Standing requires that a party have a personal stake in the case arising from a threatened or actual injury. *Id*. Therefore, a party establishes standing by showing it has a legally protectable interest in the litigation, and will be directly and adversely affected by the outcome. *Id*.

The "central repository" is the Missouri State Highway Patrol division "responsible for compiling and disseminating complete and accurate criminal history records and statistics[.]" Section 43.500(2). Our Court's Western District has already determined that the Highway Patrol has standing to appeal judgments rendered in cases involving section 610.140.

> We find that the Central Repository is aggrieved by a judgment expunging an arrest record, and has standing to appeal pursuant to section 512.020. An order directing the Central Repository to destroy arrest records implicates the Central Repository's statutory responsibility to compile and disseminate complete and accurate criminal history records, and thus violates the direct legal interests of the Central Repository which "'has an interest in vindicating and upholding its official acts and procedures.'"

*T.V.N.*, 592 S.W.3d at 79 (quoting *Jackson County. Bd. of Election Comm'rs v. Paluka*, 13 S.W.3d 684, 688 (Mo. App. W.D. 2000)). We agree with the Western District. The Highway Patrol has standing to appeal the trial court's judgment, which directs the Highway Patrol to close its records related to N.M.C.'s 2006 and 2013 felony cases.

*Preservation of the Highway Patrol's Claim of Error*

N.M.C. also challenges preservation of the Highway Patrol's claim of error. He argues the Highway Patrol never filed an answer to the expungement petition in that the trial court never ruled on the motion seeking leave to file the Highway Patrol's answer out of time.

N.M.C. is correct that the court never ruled on the Highway Patrol's motion. Nevertheless, N.M.C. did not seek a default judgment, and the court allowed counsel for the Highway Patrol to participate in the expungement hearing without objection. The Highway Patrol raised the issue of compliance with section 610.140.12 in its proposed answer lodged with the court, during the hearing, and in its motion to amend the judgment. Even assuming, *arguendo*, that the Highway Patrol failed to file an answer to the petition, which we need not address as dispositive, such failure does not excuse the trial court from compliance with the substantive law. Therefore, we proceed to the Highway Patrol's allegation of error.

*Standard of Review*

In reviewing a court-tried case, we will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Perkins v. Bridgeton Police Dept.*, 549 S.W.3d 504, 506 (Mo. App. E.D. 2018). Here, the trial court's judgment is based on its construction and application of Section 610.140. "The trial court's application of statutory requirements is a question of law, which we review *de novo*." *R.H. v. Missouri State Hwy. Patrol Criminal Records Repository*, 578 S.W.3d 398, 403 (Mo. App. E.D. 2019). Under *de novo* review, we give no deference to the trial court's determination of law. *Perkins*, 549 S.W.3d at 506.

When a Court is called upon to interpret a statute, the primary rule is to effectuate legislative intent through reference to the plain and ordinary meaning of the statutory language. *Id*. We will look beyond the plain meaning of the statute only when the language is ambiguous or would lead to an absurd or illogical result. *Id.* In addition, when determining the legislative intent of a statute, we do not read any portion of the statute in isolation, but rather read the portions in context to harmonize all of the statute's provisions. *T.V.N.*, 592 S.W.3d at 79.

*Analysis*

The Highway Patrol claims the trial court erred in determining that N.M.C. was entitled to expungement of all records identified in his petition, including the 2006 and 2013 felony charges of possession of a controlled substance, because section 610.140.12(2) limits expungement to no more than one felony offense during a person's lifetime. The Highway Patrol contends the trial court's judgment improperly allowed N.M.C. to expunge records of multiple felony offenses that were not charged in the same indictment or information and were not part of the same course of conduct. We agree.

N.M.C. filed his petition on November 23, 2021 seeking expungement of records for two ordinance violations and either two or three felony offenses. At issue in this appeal are: (1) case number 2106CR-03033, involving charges of felony possession of a controlled substance for acts committed in February 2006 in Creve Coeur, Missouri; and (2) case number 13SL-CR08442, involving charges of possession of a controlled substance for acts committed in August 2012 in St. Louis County. N.M.C. pled guilty to one count of felony possession of a controlled substance on the 2006 charges, and entered the drug court treatment program. The charges in case number 2106CR-03033 were dismissed in 2009 after N.M.C.'s successful completion of the drug court program. Four years later, in case number 13SL- CR08442, N.M.C. was charged with possession

of a controlled substance and unlawful use of drug paraphernalia. He pled guilty to misdemeanor unlawful use of drug paraphernalia in response to the 2013 charges, and received a sentence of six months of confinement in the county jail, execution suspended, and two years of supervised probation. In exchange for his guilty plea to the misdemeanor offense, the State dismissed the charge of felony possession of a controlled substance in the 2013 case.

Section 610.140 sets out the requirements for expungements relevant to this appeal, and provides that "any person may apply to any court in which such person was charged or found guilty of any offenses, violations, or infractions for an order to expunge records of such arrest, plea, trial, or conviction." Section 610.140.1. A person may be granted no more than one expungement of a felony offense under this statute in his or her lifetime. Section 610.140.12(2). "Subsection 610.140.12 prevents a person from perpetually 'refreshing' by limiting the total number of expungements that can be secured." *T.V.N.*, 592 S.W.3d at 82. The statute creates an exception, however, in that multiple offenses charged in the same indictment or information or multiple offenses that are part of the same course of criminal conduct may be counted as a single offense for purposes of section 610.140.1.

> If the offenses, violations, or infractions were charged as counts in the same indictment or information or were committed as part of the same course of criminal conduct, the person may include all the related offenses, violations, and infractions in the petition, regardless of the limits of subsection 12 of this section, and the petition shall only count as a petition for expungement of the highest level violation or offense contained in the petition for the purpose of determining future eligibility for expungement.

Section 610.140.1.

The plain language of section 610.140.1 provides that: (1) offenses charged in the same indictment or information count as only one offense for the purpose of the limits on lifetime expungements; and (2) offenses committed in the same course of criminal conduct count as only one offense for the purpose of the limits on lifetime expungements. Further, to determine which

8

offense from a single indictment, information, or course of conduct counts for purposes of the lifetime limits, the highest-level offense listed in the petition from each indictment, information, or course of conduct will count as the "offense" for which the petition requests expungement. *Id*.

Here, N.M.C.'s petition identified multiple charges he wanted expunged, including as relevant here, a 2006 charge of possession of a controlled substance, a second 2006 count of possession of a controlled substance charged in the same case, and a 2013 charge of possession of a controlled substance.[3] The State charged these offenses as felonies. N.M.C. specifically requested expungement of all records related to the three identified felony offenses, and that is what the trial court ordered. The trial court's judgment, however, runs afoul of the plain language of section 610.140.12, which limits a person to expungement of only one felony in his or her lifetime.

The 2006 and 2013 offenses were not charged in the same indictment or information. The unique case number assigned to each—2106CR-03033 and 13SL-CR08442, respectively— demonstrate the offenses were not charged together. Nor could the 2006 and 2013 counts have been charged together because the 2006 case was disposed years before commission of the acts charged in the 2013 case. The statutory exception for offenses charged in the same information or indictment does not apply.

Likewise, the offenses were not part of the same course of criminal conduct. The acts underlying the 2006 and 2013 charges—while similarly charged as possession of a controlled substance—occurred more than six years apart. The 2006 case was resolved in 2009, years before the acts underlying the 2013 case occurred. Section 610.140 does not define the term

---

[3] There is no dispute that under section 610.140.1, the two identified felony charges from 2006 were charged in a single indictment or information, and therefore, are considered together as one offense for the purpose of determining future eligibility for expungement.

"course of criminal conduct." We find helpful, however, the "continuing course of criminal conduct" examined in the context of double jeopardy and relied upon by the trial court in *State v. Barber*, 37 S.W.3d 400 (Mo. App. E.D. 2001). In a double jeopardy analysis of whether a defendant's conviction and sentencing for multiple actions comprise a continuing course of conduct, the Missouri legislature has prohibited prosecution of more than one offense for the same act "if the offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted." *Barber*, 37 S.W.3d at 404 (citing Section 556.041(4)). Missouri courts have found separate offenses when the actions are separated in time. *Id*. An offense is separated in time when the defendant has the opportunity to reconsider his or her actions. *Id*. In addition, when offenses are based on different acts or a separate mental state is formed for each act, crimes are different in nature. *Id*. N.M.C.'s multiple acts, separated by more than six years and each requiring a separate intent to possess a different controlled substance, do not comprise a continuing course of conduct. The statutory exception for offenses that are part of the same course of conduct does not apply here.

N.M.C. argues that because the identified charges of possession of a controlled substance were dismissed, they do not qualify as "offenses" under the statute, and therefore, are not subject to the limit of expungement of one felony offense under section 610.140.12. He maintains the term "offense" means a "conviction," and any disposition not based on a finding of guilt—such as dismissal—does not result in an "offense," and specifically not a "felony offense" for purposes of section 610.140.12(2). N.M.C. cites no authority for this proposition, instead simply arguing that the definitions of "offense" and "violation" contained in Black's Law Dictionary "imply that the act or charge was established or proved to have occurred," making the terms "closely akin to the definition of 'conviction.'" We are not persuaded.

10

Section 610.140 does not define the terms "offense" or "conviction." When the statute provides no definition, we give the words used their plain and ordinary meaning, supplemented as necessary with definitions from the dictionary. *State v. Gilmore*, 508 S.W.3d 132, 134 (Mo. App. S.D. 2016). If the statutory language is clear, we apply it as written. *Id*. We do not have the authority to read into a statute a legislative intent contrary to the plain and ordinary meaning of the language used. *Id*. at 134-35.

"Offense" means "[a] violation of the law; a crime, often a minor one." *Offense*, BLACK'S LAW DICTIONARY (11th ed. 2019); *Gilmore*, 508 S.W.3d at 135; *see also, Offense*, WEBSTER'S THIRD NEW INT'L DICTIONARY (UNABRIDGED) (2002) (7b: "an infraction of law: crime, misdemeanor). "Conviction" means "1. The act or process of judicially finding someone guilty of a crime; the state of having been proved guilty. 2. The judgment (as by a jury verdict) that a person is guilty of a crime." *Conviction*, BLACK'S LAW DICTIONARY; *see also, Conviction*, WEBSTER'S THIRD NEW INT'L DICTIONARY ("1. the act of proving, finding, or adjudging a person guilty of an offense or crime … *specif*: the proceeding of record by which a person is legally found guilty of any crime esp. by a jury and on which the judgment is based[.]") Nothing in these definitions suggests that an "offense" only exists after a "conviction," nor are the terms synonymous or interchangeable.

N.M.C.'s argument on appeal is also incompatible with his petition for expungement, in which he explicitly requested expungement of the records of "arrest, plea, trial, or conviction" related to case number 2106CR-03033, listing two felony charges of possession of a controlled substance, and case number 13SL-08442, listing one felony charge of possession of a controlled substance and one charge of misdemeanor unlawful use of drug paraphernalia. Furthermore, a "person may include all the related offenses, violations, and infractions in the petition, regardless

of the limits of subsection 12 of this section, and the petition shall only count as a petition for expungement of the *highest level violation or offense contained in the petition for the purpose of determining future eligibility for expungement*." Section 610.140.1. Stated somewhat differently, a person may group together in the petition for expungement related offenses, i.e. those charged in a single indictment or information or part of the same course of conduct, and only the highest-level offense in the group will count toward the lifetime limits set forth in section 610.140.12. The highest-level violation or offense contained in N.M.C.'s petition for both the 2006 and 2013 cases was the class C felony of possession of a controlled substance.

In addition, "any person may apply to any court in which such person was *charged or found guilty* of any offenses, violations, or infractions for an order to expunge records of such *arrest, plea, trial, or conviction*." Section 610.140.1 (emphases added). When interpreting a statute, we must give meaning to every word or phrase of the legislative enactment. *T.V.N.*, 592 S.W.3d at 81. The plain language of the statute provides that a person *charged or found guilty* of any offenses may seek expungement of the related records. This language indicates that an "offense" may be comprised of either a charge or a conviction, and that records of either a charge or conviction may be expunged, unless expressly excluded under section 610.140.2. Nothing in section 610.140 suggests that expungement hinges on, or is affected by, the case disposition. Dismissal of felony charges does not in itself mean the charges never existed, does not render the charged act something other than an "offense," and does not render the charged act something less than a felony. If this were true, then there would be no need for section 610.140.1 to refer to a "charged" offense nor to "arrest, plea, trial, or conviction" if a conviction were the sole defining characteristic of an "offense" and thus of a "felony offense." N.M.C.'s interpretation would lead to an absurd result, and would render meaningless other portions of section 610.140.

The trial court erred when it expunged the records of N.M.C.'s 2006 felony charge(s) along with his 2013 felony charge because expungement of both violated the plain language of section 610.140.12(2), which prohibits expungement of more than one felony offense during a person's lifetime.

<u>Conclusion</u>

We reverse the judgment, and remand to the trial court with directions to allow N.M.C. to choose which felony records he wishes to have expunged, those of case number 2106CR-03033 or those of case number 13SL-CR08442.

Angela T. Quigless, P.J.

Sherri B. Sullivan, J., and
Robert M. Clayton III, J., concur.

13